UNITED STATES of America, Appellee,

v.

David BERRY, Defendant–Appellant.

Docket No. 01–1071.

United States Court of Appeals, Second Circuit.

March 29, 2002.

Clover M. Barrett, Brooklyn, NY, for Appellant.

Marcia S. Cohen, Assistant United States Attorney, Southern District of New York; Mary Jo White, United States Attorney; Meir Feder, Assistant United States Attorney, on the brief, for Appellee.

Present FEINBERG, STRAUB and KATZMANN, Circuit Judges.

### SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant David Berry appeals from a judgment of conviction entered on January 8, 2001, in the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*), following a jury trial. Berry contends that there was insufficient evidence to sustain the jury's verdict and that the District Court, at sentencing, erred in its application of an adjustment for obstruc-

tion of justice under the United States Sentencing Guidelines.

In the three-count indictment used at trial, Berry was charged with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371, and with two counts of bank fraud, in violation of 18 U.S.C. § 1344. At trial, the government presented evidence that between November 1993 and February 1994, Berry knowingly and intentionally obtained stolen checks and provided them to one David Ford, who then deposited the checks and gave Berry a share of the proceeds. Ford testified as a prosecution witness pursuant to a cooperation agreement, and he implicated Berry in the scheme. The government's evidence also included the stolen checks themselves, evidence that Berry's fingerprint was found on one of the checks, testimony from a law enforcement agent, and tapes of conversations between Berry and Ford in which they discussed the stolen checks and their proceeds and during which Berry provided Ford with blank corporate checks that they agreed would be deposited in Ford's account. Berry testified in his own defense and denied providing stolen checks to Ford. He also stated that he and Ford were involved in an intimate relationship, that he had seen checks at Ford's residence and might have picked up some of them, and that Ford had given him money but had pressured Berry to obtain checks in return.

On August 4, 2000, following a five-day trial, the jury returned a guilty verdict on all three counts. In their pre-sentencing submissions, the parties disputed whether Berry had given materially false testimony and therefore should be subject to a two-level offense level enhancement for obstruction of justice pursuant to Section 3C1.1 of the United States Sentencing Guidelines. The Pre–Sentence Investigation Report took no position on whether

the enhancement should apply. At the sentencing hearing on January 4, 2001, the District Court found "by clear and convincing evidence that there was intentionally false testimony given at the trial by the defendant" and therefore the two-level adjustment for obstruction of justice should apply, yielding an adjusted offense level of nineteen. Given Berry's criminal history (which placed him in category I), the recommended sentencing range was 30 to 37 months. The District Court imposed a sentence at the bottom of that range: 30 months' incarceration on each count, to run concurrently.

■ On this appeal, Berry first argues that the evidence at trial was insufficient to sustain his conviction.

> A defendant challenging the sufficiency of the evidence bears a heavy burden. When reviewing sufficiency challenges, we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor. An appellant must demonstrate that no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.... Finally, we note that the task of choosing among competing, permissible inferences is for the fact-finder, not for the reviewing court.

*United States v. McDermott*, 245 F.3d 133, 136–37 (2d Cir.2001) (citations and internal quotation marks omitted). Given the extensive evidence of criminal conduct presented in this case—including the inculpatory testimony of Berry's co-conspirator, Ford, the taped conversations between Ford and Berry concerning the scheme, and the presence of Berry's fingerprint on one of the stolen checks—a rational jury could have found Berry guilty beyond a

reasonable doubt of bank fraud and conspiracy to commit bank fraud. While Berry contends that Ford's testimony was not credible, we must "resolv[e] all issues of credibility in the government's favor" on this appeal. *United States v. Abelis*, 146 F.3d 73, 80 (2d Cir.1998) (citation omitted), *cert. denied sub nom. Novak v. United States*, 525 U.S. 1009, 119 S.Ct. 527, 142 L.Ed.2d 437 (1998), & *cert. denied sub nom. Ivankov v. United States*, 525 U.S. 1147, 119 S.Ct. 1044, 143 L.Ed.2d 51 (1999). The evidence is sufficient to sustain the conviction.

■ Berry also contends that the District Court erred when it imposed the offense level enhancement for obstruction of justice.* Section 3C1.1 of the United States Sentencing Guidelines provides for a two-level increase in the applicable offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction...." The Supreme Court has confirmed that this enhancement may be applied when a defendant "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 92–96, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). Under oath, Berry denied at length that he had provided Ford with stolen checks for him to deposit. Although Berry now claims that "[t]here was no credible testimony that contradicted appellant's version of events," Ford testified that Berry gave him stolen checks to deposit, and the taped conversations between Berry and

---

* Because the unadjusted offense level, seventeen, corresponds to a sentencing range of 24 to 30 months, the District Court could have imposed the same sentence—thirty months' incarceration—even without increasing the offense level for obstruction of justice.

Ford referred to this same arrangement. The version of events recited by Berry while under oath is fundamentally inconsistent with the government's evidence and with the guilty verdict, leading inexorably to the conclusion that Berry gave materially false testimony. Moreover, the extensiveness of the contradictions between Berry's testimony and the government's evidence supports the District Court's finding that Berry intended to give false testimony, and did not do so merely as a result of confusion or faulty memory. We find no error in the District Court's determination that Berry obstructed justice, nor in its consequent adjustment to the applicable offense level.

We have examined all of the defendant's contentions and find them to be without merit. For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.